UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL RICHARD WESTFALL,

                                        Plaintiff,          Case # 19-CV-6473

v.                                                          DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

## INTRODUCTION

On April 21, 2016, Plaintiff Michael Richard Westfall protectively applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act") alleging disability beginning July 6, 2016.  Tr.[1] 73.  After the Social Security Administration ("SSA") denied his claim (Tr. 104-10), Plaintiff appeared, with counsel, at a video hearing on July 12, 2018 before Administrative Law Judge Benjamin Chaykin (the "ALJ").  Tr. 27-72.  On August 29, 2018, the ALJ issued an unfavorable decision.  Tr. 12-23.  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA.  Tr. 4.  Plaintiff then appealed to this Court.[2]  ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  ECF Nos. 8, 15.  For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED for further proceedings.

---

[1] "Tr." refers to the administrative record in this matter.  ECF No. 7.

[2] The Court has jurisdiction over this action under 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3).

**LEGAL STANDARD**

**I.      District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

**II.     Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of his or her age, education, and work experience.  *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. §§ 404.1520.

**DISCUSSION**

I.   **The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  Tr. 17.  At step two, the ALJ found that Plaintiff had the following severe impairments: spine disorder, knee osteoarthritis with a history of bilateral total knee arthroplasty, morbid obesity, and left shoulder impingement.  Tr. 17.  At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment.  Tr. 18.  Next, the ALJ determined that Plaintiff retains the RFC to perform sedentary work, with the following additional limitations: no climbing of ropes, scaffolds, or ladders; occasional climbing of ramps or stairs; occasional stooping, crouching, balancing, kneeling or crawling; occasional pushing and pulling with lower extremities; and the use of a cane for ambulation.  Tr. 18.

At step four, the ALJ found that Plaintiff had relevant past work experience that he could still perform as an industrial sales representative.  Tr. 22.  At step five, the ALJ determined that there were jobs in the national economy that Plaintiff could perform, and therefore, the ALJ concluded that Plaintiff is not disabled.  Tr. 22-23.

II.   **Analysis**

Plaintiff advances several arguments in support of remand: (1) the ALJ failed to give good reasons for discounting the opinion of treating physician Michael Klotz, M.D.; (2) the ALJ erred in substituting his own lay opinion for the opinion of a medical source and; (3) the ALJ improperly relied on the vocational expert in making his decision. *See* ECF No. 8.  Because the Court agrees that the ALJ improperly substituted his own lay opinion in place of a medical source, it does not reach Plaintiff's remaining arguments.

An RFC determination is a medical determination, and as such an ALJ who makes an RFC determination without appropriate medical evidence has "improperly substituted his own opinion for that of a physician and has committed legal error." *Stubbs v. Comm'r of Soc. Sec. Admin.*, No. 17-CV-6607-CJS, 2018 WL 6257431, at *6 (W.D.N.Y. 2018) (quoting *Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010)). It is well-established that an ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)" while formulating an RFC. *Spallina v. Colvin*, No. 15-CV-6044, 2016 WL 184411, at *4 (W.D.N.Y. 2016) (citing *Hogan v. Astrue*, 491 F. Supp. 2d 347, 354 (W.D.N.Y. 2007)). It is well within the authority of the ALJ to develop an RFC that does not perfectly align with any one medical opinion in the record. *Berman v. Comm'r of Soc. Sec.*, 350 F. Supp. 3d 252, 257 (W.D.N.Y. 2018) (quoting *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018)). However, the ALJ is not qualified to assess a claimant's RFC based on the bare medical findings. *Id*.

The ALJ first cites daily activities such as washing dishes, driving, and grocery shopping for short periods as evidence to support the RFC. Tr. 19. The ALJ makes no clear connection as to how these simple daily activities are consistent with the RFC, especially as Plaintiff testified that these activities were often difficult and painstaking. Tr. 44. As such "it is not self-evident that the activities of daily living listed by the ALJ translate to the ability to perform the functional activities required for a full range of" sedentary work determined by the RFC. *Dueno v. Colvin*, No. 1:15-CV-01042(MAT), 2018 WL 1180225, at *8 (W.D.N.Y. Mar. 7, 2018).

The ALJ dedicates much of his RFC determination to reciting treatment notes from various physicians throughout the period in question. This portion of the RFC reads like an overview of the medical history, with no direct ties to any specific limitations addressed by the ALJ in his final

determination. The ALJ begins by discussing two knee surgeries Plaintiff underwent, first in 2011, and a second in 2016. Tr. 19. This is followed by a recitation of the bare medical findings from the treatment notes of Peter Capicotto, M.D., none of which Dr. Capicotto ties directly to Plaintiff's work-related limitations. Tr. 19-20. The ALJ next sets forth treatment notes from Dr. Klotz, Plaintiff's treating physician. Tr. 20. The ALJ refers to Dr. Klotz's treatment notes several times throughout his RFC determination, though the substance of these notes is nothing more than raw medical findings. Tr. 20-21. The ALJ repeats this pattern with the treatment notes of examining physicians Roger Ng, M.D., Helen Wong, M.D., and Luke Chen, M.D. Tr. 20-21. Yet the ALJ never ties any of these treatment notes to Plaintiff's functional limitations, nor did the ALJ seek an opinion from any of these examining sources.

The only opinion interpreting these clinical findings came from Plaintiff's treating physician, Dr. Klotz, whose opinion the ALJ declined to give controlling weight. Tr. 668. Instead, the ALJ afforded Dr. Klotz's opinion only "some weight." Tr. 21. Considering that the ALJ did not give this treating opinion controlling weight, the ALJ should have secured a consulting physician to examine Plaintiff and render an opinion as to her functional limitations. *Spivey v. Comm'r of Soc. Sec.*, 338 F. Supp. 3d 122, 129 (W.D.N.Y. 2018) (citing *Falcon v. Apfel*, 88 F. Supp. 2d 87, 91 (W.D.N.Y. 2000)).

Instead, the ALJ asserted that Plaintiff was capable of sedentary work, with the only exceptions being that Plaintiff could not climb ropes, scaffolds, or ladders; could occasionally climb ramps or stairs; could occasionally stoop, crouch, balance, kneel, or crawl; could frequently reach with the non-dominant left upper extremity; and would require a cane for ambulation. Tr. 21-22. This RFC determination directly contradicts Dr. Klotz's in several regards. Specifically, Dr. Klotz indicated that Plaintiff should *never* stoop, crouch, climb ladders or stairs. Tr. 670. The

RFC determination made by the ALJ allows for these activities to be performed occasionally, citing no specific evidence to support this conclusion. Tr. 18. The ALJ also explicitly rejects Dr. Klotz's observation that Plaintiff was limited to less-than sedentary work as well as requiring a sit-to-stand option as needed. Tr. 21. The ALJ simply asserts that these observations by Dr. Klotz are inconsistent with his own treatment notes, as well as citing Plaintiff's testimony stating that his primary disabling condition was his back, rather than the knees, which were Dr. Klotz's primary focus. Tr. 21-22. Finally, the ALJ determined Plaintiff could frequently reach with the non-dominant left upper extremity. Tr. 21. The lone medical opinion in the record does not address this limitation. Tr. 668-670. The ALJ addresses this issue with Plaintiff briefly during the hearing, but otherwise demonstrates no medical evidence to support this determination. Tr. 40-41.

Here, the ALJ relied primarily on the bare medical findings by a long list of physicians who offered no official opinion as to what the proper limitations would be, based on Plaintiff's condition. The ALJ did not give controlling or substantial weight to any opinion that could have supported his RFC determination. The RFC was therefore not tethered to any medical opinion evidence and as such "it is unclear precisely where the limitations set forth in the RFC came from and why they did not go further." *Garcia Medina v. Comm's of Soc. Sec.*, No. 17-cv-6793-JWF, 2019 WL 1230081, at *2 (W.D.N.Y. Mar. 15, 2019).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 8, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 15, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings

consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of Court

shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 8, 2020
        Rochester, New York

_____

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court